IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Durham Division

| | |
|---|---|
| VICTOR VOE, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> THOMAS MANSFIELD, *et al.*, <br><br> *Defendants*. | Civil No. 1:23-cv-864 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS VICTOR VOE'S, VANESSA VOE'S, AND VANCE VOE'S MOTION TO PROCEED PSEUDONYMOUSLY**

Pursuant to Fed. R. Civ. P. 5.2, Plaintiff Victor Voe, by and through his parents, Vanessa Voe and Vance Voe; and Plaintiffs Vanessa Voe and Vance Voe (collectively, "Movants") respectfully move this Court for an order permitting them to bring this action pseudonymously to protect their identities from public disclosure.[1] Movants respectfully submit the following memorandum of law in support.

**INTRODUCTION**

Movant Victor Voe is a transgender adolescent who resides in North Carolina. He (through his parents), together with all other Plaintiffs, brings this action to challenge the

---

[1] To protect their privacy pending consideration of this motion, Movants have used in their complaint and in this motion the pseudonyms for themselves that they seek permission to use.

legality of North Carolina House Bill 808, codified in North Carolina General Statute § 90-21.150 et seq. (the "Health Care Ban" or the "Ban").

Movants seek leave to proceed pseudonymously because of Victor's age, and also to protect the Movants' privacy and safety and to avoid exposure to discrimination and harassment. In particular, Victor has not disclosed his transgender status to some people in his life, including people at school, in community activities, and in other activities and engagements, and his parents fear for his personal safety were his identity to become widely known. Victor's parents also seek to proceed pseudonymously to further protect the identity of their minor child, as disclosure of the parents' identity would necessarily disclose the identity of their child. As a transgender minor, Victor is a member of a group that is subject to frequent discrimination, harassment, and violence on account of transgender status. Moreover, this case not only involves Victor's transgender status but also his private medical information.

Accordingly, Movants respectfully ask this Court for permission to bring this action using assumed names for themselves for the purpose of protecting their identity from public disclosure. Movants have no objection, however, to providing their legal names to Defendants and the Court where appropriate. Finally, in moving to proceed under pseudonyms, Movants do not intend to prevent the public from observing the proceedings or rulings of this Court under adequate protections, but only to prevent public disclosure of their identity and private medical information.

# ARGUMENT

Although, as a general matter, a complaint must state the names of all parties under Fed. R. Civ. P. 10(a), "[u]nder certain circumstances . . . the district court may allow a plaintiff to proceed under a pseudonym." *D.E. v. Doe*, 834 F.3d 723, 728 (6th Cir. 2016). In particular, Rule 5.2 of the Federal Rules of Civil Procedure specifically recognizes the need to protect a minor's identity. *See* Fed. R. Civ. P. 5.2(a)(3). A plaintiff may proceed under a pseudonym if the Court concludes the plaintiff's "privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).[2]

Several considerations determine whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings. They include:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Id.* (citations omitted). These factors—along with other circumstances unique to this case, such as the stigma of transgender identity, particularly in North Carolina—all support this requested relief, as explained below.

---

[2] The Supreme Court has implicitly endorsed the use of pseudonyms to protect plaintiffs' privacy. *See, e.g., Honig v. Doe*, 484 U.S. 305 (1988) (suit by minor for violation of Education of the Handicapped Act); *Plyler v. Doe*, 457 U.S. 202 (1982) (suit by undocumented minors for violation of equal protection); *Poe v. Ullman*, 367 U.S. 497 (1961) (birth control). So has the Fourth Circuit. *See, e.g.*, *B.R. v. F.C.S.B.*, 17 F.4th 485 (4th Cir. 2021) (asserting claims under Title IX).

**I.	Movants Should Be Permitted to Proceed Pseudonymously in Light of Victor's Age.**

As a rule, minors' identities are protected in court filings by the required use of their initials unless they affirmatively waive that protection. *See* Fed. R. Civ. P. 5.2(a)(3); 5.2(h). Courts can also enter an order requiring the redaction of "additional information," including initials, upon a showing of "good cause." *See* Fed. R. Civ. P. 5.2(e). Recognizing the "heightened protection" appropriate for minor plaintiffs, *Porter*, 370 F.3d at 561, courts frequently allow them to proceed under pseudonyms. *Id.*; *see also Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) ("[F]ictitious names are allowed when necessary to protect the privacy of children[.]"); *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) (explaining that "the youth" of plaintiffs is often "a significant factor in the matrix of considerations arguing for anonymity," and finding it to be an "especially persuasive" factor justifying anonymity); *Al Otro Lado, Inc. v. Nielsen*, No. 17-cv-02366, 2017 WL 6541446, at *5 (S.D. Cal. Dec. 20, 2017) ("'[C]hild-plaintiffs' are deemed to be especially vulnerable, warranting their anonymity.").

Requiring Victor, who is a young adolescent, to proceed under his real name, or even under his initials, will effectively disclose his identity and therefore other highly personal information. Requiring Vance and Vanessa to proceed under their real names will have the same effect. The Complaint necessarily pleads highly detailed—albeit non-identifying—information which, given the relatively small number of transgender youth, could be used to identify Victor, especially when combined with his parents' legal names. *See Porter*, 370 F.3d at 558; *Stegall*, 653 F.2d at 186; *K.K. v. Comer*, No. 3:20-CV-96,

2020 WL 8459142, at *1–*2 (E.D. Tenn. Sept. 14, 2020); *S.E.S. v. Galena Unified Sch. Dist. No. 499*, No. 18-2042-DDC-GEB, 2018 WL 3389878, at *2 (D. Kan. July 12, 2018) (permitting plaintiffs to proceed anonymously because the parents and child "share common privacy interests based on their inseparable relationship to one another" and "[o]rdering disclosure of the parents' identities would place—in effect—personally identifiable and confidential information about" the child "in the public record").

Courts in fact regularly extend such protection to guardians in cases involving transgender youth. *See, e.g.*, *Poe v. Drummond*, No. 23-CV-177, 2023 WL 4560820, at *5 (N.D. Okla. July 17, 2023) (granting motion to proceed pseudonymously for transgender minor plaintiffs and parent plaintiffs); *Doe v. Pa. Dep't of Corr.*, No. 4:19-CV-01584, 2019 WL 5683437, at *2 (M.D. Pa. Nov. 1, 2019) ("As litigation around transgender issues has increased, so too have more courts permitted transgender plaintiffs to proceed pseudonymously."); Order, ECF No. 8, *Doe v. Volusia Cnty. Sch. Bd.*, No. 6:18-cv-00102 (M.D. Fla. Jan. 30, 2018); *Bd. of Educ. of the Highland Local Sch. Dist. v. U.S. Dep't of Educ.*, No. 2:16-CV-524, 2016 WL 4269080, at *5 (S.D. Ohio Aug. 15, 2016); *Doe v. United States*, No. 16-cv-0640, 2016 WL 3476313, at *1 (S.D. Ill. June 27, 2016).

## II. Other Factors Further Support Allowing Movants to Proceed Pseudonymously.

### A. Denial of the Motion to Proceed Pseudonymously Would Require Movants to Disclose Victor's Highly Sensitive and Personal Information.

5

Case 1:23-cv-00864-LCB-LPA   Document 15   Filed 10/12/23   Page 5 of 15

Courts have recognized that a person's transgender status is of a private and intimate nature that "may expose the [individual] to hostility, intolerance, and discrimination from others." *Pullum v. Elola*, No. 3:14-cv-1233, 2020 WL 749204 (M.D. Tenn. Feb. 25, 2016) (citing *Powell v. Schriver*, 175 F.3d 107, 111–12 (2d Cir. 1999)); *cf. Bloch v. Ribar*, 156 F.3d 673, 685 (6th Cir. 1998) (holding that "[o]ur sexuality . . . [is an] interest[] of an intimate nature which define[s] significant portions of our personhood"); *Love v. Johnson*, 146 F. Supp. 3d 848, 856 (E.D. Mich. 2015) (finding that "requiring Plaintiffs to disclose their transgender status . . . directly implicates their fundamental right of privacy"); *K.L. v. State, Dep't of Admin., Div. of Motor Vehicles*, No. 3AN–11–05431 CI, 2012 WL 2685183, at *6 (Alaska Super. Ct. Mar. 12, 2012) ("The Court agrees that one's transgender[] status is private, sensitive personal information" and "is entitled to protection."). Simply put, one's gender identity is "among the most intimate parts of one's life." *Doe v. Blue Cross & Blue Shield of R.I.*, 794 F. Supp. 72, 74 (D.R.I. 1992). Thus, "[d]isclosing that one is transgender involves a deep personal choice which the government cannot compel, unless disclosure furthers a valid public interest." *Arroyo Gonzalez v. Rossello Nevares*, 305 F. Supp. 3d 327, 333.

Recognizing the highly personal and sensitive nature of a person's transgender status, courts have routinely allowed transgender litigants to proceed under pseudonyms. *See, e.g., Meriwether v. Trs. of Shawnee State Univ.*, No. 1:18-cv-753, 2019 WL 2392958 (S.D. Ohio Jan. 30, 2019); *Ray v. Director, Ohio Dept. of Health*, No. 2:18-cv-272, 2018 WL 8804858 (S.D. Ohio Apr. 5, 2018); *Bd. of Educ. of the Highland Local Sch. Dist.*, 2016

WL 4269080; *Love*, 146 F. Supp. 3d 848; *Doe v. United Consumer Fin. Servs.*, No. 1:01-CV-1112, 2001 WL 34350174 (N.D. Ohio Nov. 9, 2001); *Blue Cross & Blue Shield of R.I.*, 794 F. Supp. at 74 (allowing transgender plaintiff to proceed pseudonymously because "[a]s a transsexual, plaintiff's privacy interest is both precious and fragile, and this Court will not cavalierly permit its invasion"); *Doe v. Alexander*, 510 F. Supp. 900 (D. Minn. 1981); *McClure v. Harris*, 503 F. Supp. 409 (N.D. Cal. 1980), *rev'd on other grounds, sub nom., Schweiker v. McClure*, 456 U.S. 188 (1982); *Doe v. McConn*, 489 F. Supp. 76, 77 (S.D. Tex. 1980); *Kadel v. Folwell*, 620 F. Supp. 3d 339, 391 (M.D.N.C. 2022) (finding the plaintiffs' privacy interest outweighs the public's limited interest in learning the private medical details of the plaintiffs' experiences with gender dysphoria).

Accordingly, a medical diagnosis such as gender dysphoria, along with related gender-affirming medical care, is all highly private information and warrants protection from disclosure. *See Powell*, 175 F.3d at 112 (Transgender people "are among those who possess a constitutional right to maintain medical confidentiality.").

Based on the above, the Court should find Plaintiffs' privacy interests sufficient to proceed pseudonymously.

**B. Disclosing the Movants' Identities Would Expose Them to the Risk of Stigmatization, Discrimination, Harassment, and Violence.**

Separate and apart from Movants' legitimate privacy concerns, courts have also recognized that "circumstances that pose a real danger of physical harm" warrant some form of anonymity in judicial proceedings. *Meriwether*, 2019 WL 2392958, at *2; *see also John Does 1-4 v. Snyder*, No. 12-11194, 2012 WL 1344412, at *2 (E.D. Mich. Apr. 18,

2012). Although risk to one's personal or professional reputation may not, standing alone, constitute sufficient injury to permit a plaintiff to proceed pseudonymously, *see Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979), involuntary disclosure of a person's transgender status "exposes transgender individuals to a substantial risk of stigma, discrimination, intimidation, violence, and danger." *Arroyo Gonzalez*, 305 F. Supp. 3d at 333; *see also Ray*, 2018 WL 8804858, at *1. As numerous courts have recognized, "[t]he hostility and discrimination that transgender individuals face in our society today is well-documented." *Brocksmith v. United States*, 99 A.3d 690, 698 n.8 (D.C. 2014); *see also Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1051 (7th Cir. 2017) ("There is no denying that transgender individuals face discrimination, harassment, and violence because of their gender identity."); *Karnoski v. Trump*, No. C17-1297-MJP, 2018 WL 1784464, at *10 (W.D. Wash. Apr. 13, 2018) ("The history of discrimination and systemic oppression of transgender people in this country is long and well-recognized."); *Love*, 146 F. Supp. 3d at 856 (noting "there is a great deal of animosity towards the transgender community."); *Adkins v. City of N.Y.*, 143 F. Supp. 3d 134, 139 (S.D.N.Y. 2015) ("[T]ransgender people have suffered a history of persecution and discrimination. . . . this is 'not much in debate.'" (citation omitted)).

These generally recognized dangers exist in North Carolina too. Indeed, individuals have been murdered in North Carolina because they are transgender. *See, e.g.*, Violet Lhant, *Remembering KC Johnson, Transgender Woman Killed in Wilmington, North*

*Carolina*, Human Rights Campaign (Feb. 1, 2023), https://www.hrc.org/news/remembering-kc-johnson-transgender-woman-killed-in-wilmington-north-carolina.

Because of the tremendous risks of discrimination, harassment, and violence transgender people face on account of their transgender status, courts regularly have allowed transgender plaintiffs to proceed under pseudonyms. *See, e.g., Blue Cross & Blue Shield of Rhode Island*, 794 F. Supp. at 73 (noting that "in this era of seemingly increased societal intolerance[,]" the court "will not strip plaintiff of the cloak of privacy which shields him from the stigmatization he might otherwise endure"); *Matter of E.P.L.*, 891 N.Y.S. 2d 619, 339 (N.Y. 2009) (shielding the publication of a transgender individual's name in seeking a court order regarding a name change based upon his "right to feel threatened for his personal safety in the event his transgender status is made public"). Indeed, the "most compelling situations involve matters which are highly sensitive, such as social stigmatization, real danger of physical harm, or where the injury litigated against would occur as a result of the disclosure of the plaintiff's identity." *Blue Cross & Shield of Rhode Island*, 794 F. Supp. at 74 (citation omitted).

Movants' well-founded fears are based on the widespread misunderstanding of, and hostility towards, transgender persons, which has resulted in discrimination and harassment, as well as the prevalence of violence against transgender individuals. The threat of physical harm to transgender individuals due to the disclosure of their transgender status is real. As one court recognized, "there exist numerous documented instances of those targeted for violence based on their . . . gender identity." *Matter of E.P.L.*, 891

N.Y.S.2d at 337.  Based on the above, Movants' fears that they will be exposed to an increased risk of discrimination, harassment, and even violence should Victor's transgender status become publicly known are eminently reasonable, especially because the harm threatened is particularly severe.

      **C.    Denial of the Motion to Proceed Pseudonymously Would Cause the Injury this Litigation Seeks to Avoid.**

It would be paradoxical and unjust to require the Movants, especially Victor, to subject themselves to the very harms of discrimination and harassment they seek to prevent through litigation by requiring them to disclose their identity publicly against their will. *See Lindsey v. Dayton-Hudson Corp.*, 592 F.2d at 1125 (explaining "'if plaintiffs are required to reveal their identity prior to the adjudication of the merits of their privacy claim, they will already have sustained the injury which by this litigation they seek to avoid'" (citation omitted)); *see also M.T. v. Olathe Pub. Sch. USD 233*, No. 17-2710-JAR-GEB, 2018 WL 806210, at *3 (D. Kan. Feb. 9, 2018) (finding that "the real potential of additional psychological harm—one of the very injuries litigated against—is enough to outweigh the public interest in disclosure" of the plaintiff's identity).  "Justice should not carry such a high price...." *Plaintiff B v. Francis*, 631 F.3d 1310, 1319 (11th Cir 2011).  The Court should therefore give due consideration to Movants' concerns about being forced to maintain this suit in their own names as the cost of bringing a suit to challenge and prevent discrimination.

**III.    Granting Movants' Request to Proceed Pseudonymously Is in the Public's Interest and Would Cause No Prejudice to Defendants.**

Protecting constitutional rights is of the utmost public interest, and lawsuits seeking to vindicate those rights by definition serve the public. The "ultimate test" to determine whether a plaintiff may proceed anonymously is "whether the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Roe v. Catholic Health Initiatives Colo.*, No. 11-CV-02179, 2012 WL 12840, at *5 (D. Colo. Jan. 4, 2012). Here, Movants seek to vindicate and protect their constitutional and statutory rights, which apply to all persons in North Carolina. Forcing an individual to disclose such private and personal information would dissuade other similarly-situated individuals from bringing such claims. *Cf. Doe v. Standard Ins. Co.*, No. 1:15-CV-00105, 2015 WL 5778566, at *3 (D. Me. Oct. 2, 2015) ("To deny Plaintiff's request under the circumstances of this case might not only prevent Plaintiff from proceeding on her claim, but might also discourage others . . . from asserting their claims....").

Movants do not seek to restrict the public's general right to access the filings, proceedings, and rulings in this case. Movants' request is narrowly tailored to prevent solely the disclosure of Victor's identity and those of his parents. "Particularly when the public will have access to the facts relevant to the parties' arguments and the Court's ultimate decision in the case, an order permitting Plaintiff to proceed under a pseudonym will not unreasonably interfere with the public's interest in access to judicial records and will promote the public's interest" by protecting every individual's constitutional rights. *Doe v. Stand. Ins. Co.*, 2015 WL 5778566, at *3.

11
Case 1:23-cv-00864-LCB-LPA   Document 15   Filed 10/12/23   Page 11 of 15

Finally, Movants do not seek to withhold their identity from Defendants or the Court where appropriate but only to proceed pseudonymously to prevent disclosure of Movants' identity in public documents. Allowing Movants to proceed under pseudonyms will not prejudice Defendants; Defendants will know each Movant's identity to the full extent necessary to defend the law being challenged. "[I]t is unclear how [the Court's grant of the requested relief] would . . . hinder [] [Defendants'] preparation" of the case, as Defendants here would still be able "to obtain all the information necessary to address" the issues in this case without public disclosure of Movants' names. *Porter*, 370 F.3d at 561; *see also Doe v. United Servs. Life Ins. Co.*, 123 F.R.D. 437, 439 (S.D.N.Y. 1988) (granting motion to proceed under pseudonym where defendant "already kn[e]w Doe's true identity").

## CONCLUSION

As explained above, Victor's age; the highly sensitive and private nature of the information at issue; and the history of violence, discrimination, and other harm to transgender individuals (including transgender children) all support granting leave for Movants to proceed pseudonymously in this case. Granting this motion will not prejudice Defendants or the public. For these and other foregoing reasons, Movants respectfully request that the Court grant their motion to proceed pseudonymously.

\* \* \*

Respectfully submitted,

/s/ Amy E. Richardson
Amy E. Richardson (N.C. Bar 28768)
Lauren E. Snyder (N.C. Bar 54150)
HWG LLP
333 Fayetteville Street, Suite 1500
Raleigh, NC 27601
Telephone: (919) 429-7386
Facsimile: (202) 730-1301
arichardson@hwglaw.com
lsnyder@hwglaw.com

Deepika H. Ravi*
HWG LLP
919 M Street N.W., 8th Floor,
Washington, D.C. 20036
Telephone: (202) 730-1300
Facsimile: (202) 730-1301
dravi@hwglaw.com

Dmitriy Tishyevich*
MCDERMOTT WILL & EMERY
One Vanderbilt Avenue
New York, NY 10017-3852
Phone: (212) 547-5534
Facsimile: (646) 417-7668
dtishyevich@mwe.com

Anna Fosberg*
MCDERMOTT WILL & EMERY
The Brandywine Bldg.
1000 N West Street, Suite 1400
Wilmington, DE 19801
Phone: (302) 485-3936
Facsimile: (302) 351-8711
afosberg@mwe.com

Dated: October 11, 2023

Tara L. Borelli*
LAMBDA LEGAL DEFENSE AND
 EDUCATION FUND, INC.
1 West Court Square, Ste. 105
Decatur, GA 30030
Telephone: (404) 897-1880
Facsimile: (404) 897-1884
tborelli@lambdalegal.org

Omar Gonzalez-Pagan*
Sruti J. Swaminathan*
LAMBDA LEGAL DEFENSE AND
 EDUCATION FUND, INC.
120 Wall Street, 19th Floor
New York, NY 10005
Telephone: (212) 809-8585
Facsimile: (212) 658-9721
ogonzalez-pagan@lambdalegal.org
sswaminathan@lambdalegal.org

Abigail Coursolle*
NATIONAL HEALTH LAW PROGRAM
3701 Wilshire Boulevard, Suite 315
Los Angeles, CA 90010
Telephone: (310) 736-1652
coursolle@healthlaw.org

Catherine McKee*
NATIONAL HEALTH LAW PROGRAM
1512 E. Franklin Street, Suite 110
Chapel Hill, NC 27514
Telephone: (984) 278-7666
mckee@healthlaw.org

* Appearing by special appearance pursuant to L.R. 83.1(d).

*Counsel for Plaintiffs*

**CERTIFICATE OF WORD COUNT**

The undersigned hereby certifies that the foregoing complies with the type-volume requirements of L.R. 7.3(d)(1) and contains 3,021 words, excluding those portions exempted by the rule.

Dated: October 11, 2023

/s/ *Amy E. Richardson*
Amy E. Richardson
N.C. State Bar No. 28768
HWG LLP
333 Fayetteville Street, Suite 1500
Raleigh, NC 27601
Telephone: 919-429-7386
Facsimile: 202-730-1301
arichardson@hwglaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2023 I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, and have verified that such filing was sent electronically using the CM/ECF system to all parties who have appeared with an email address of record. In addition, I served each Defendant via certified mail.

Dated: October 11, 2023

/s/ *Amy E. Richardson*
Amy E. Richardson
N.C. State Bar No. 28768
HWG LLP
333 Fayetteville Street, Suite 1500
Raleigh, NC 27601
Telephone: 919-429-7386
Facsimile: 202-730-1301
arichardson@hwglaw.com