# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| VICTOR VOE, by and through his parents and next friends, Vanessa Voe and Vance Voe; *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>THOMAS MANSFIELD, in his official capacity as Chief Executive Officer of the North Carolina Medical Board; *et al.*,<br><br>*Defendants*,<br><br>and<br><br>PHILIP E. BERGER, in his official capacity as President Pro Tempore of the North Carolina Senate, and TIMOTHY K. MOORE, in his official capacity as Speaker of the North Carolina House of Representatives,<br><br>*Proposed Intervenors*. | CASE NO. 1:23-cv-864<br><br><br><br>**PROPOSED INTERVENORS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO INTERVENE** |

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION AND STATEMENT OF THE NATURE OF THE MATTER ........................ 1

STATEMENT OF FACTS ....................................................................................................... 2

QUESTION PRESENTED ....................................................................................................... 3

ARGUMENT ............................................................................................................................ 3

    I.     Proposed Intervenors' Motion Is Timely. ................................................................... 4

    II.    This Litigation Threatens To Impair Proposed Intervenors' Significantly Protectable Interest in the Continued Enforcement of the Challenged Laws. ................................ 4

    III.   Proposed Intervenors' Interest Is Not Adequately Represented by the Current Defendants. .................................................................................................................. 6

    IV.   In the Alternative, the Court Should Grant Permissive Intervention. .......................... 7

CONCLUSION ......................................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**                                                                                                                                                    **Page**

*Alt v. United States E.P.A.*,
    758 F.3d 588 (4th Cir. 2014) .................................................................................4

*Berger v. North Carolina State Conference of the NAACP*,
    142 S. Ct. 2191 (2022)...............................................................................1, 2, 4, 5, 6, 7

*Trbovich v. United Mine Workers of America*,
    404 U.S. 528 (1972)..............................................................................................6

*United Guaranty Residential Ins. Co. of Iowa v. Philadelphia Sav. Fund Soc'y*,
    819 F.2d 473 (4th Cir. 1987) ................................................................................6

**Statutes and Rules**

N.C. Gen. Stat.
        § 1-72.2 .................................................................................................5
        § 1-72.2(a)............................................................................................5
        § 1-72.2(b)............................................................................................5
        § 90-2 ...................................................................................................7
        § 120-32.6(b)........................................................................................5
        § 143A-9 ..............................................................................................7
        §143B-6................................................................................................7
        §143B-139............................................................................................7

Fed. R. Civ. P.
        24(a) .....................................................................................................3
        24(b)(1)(B)......................................................................................7, 8

# INTRODUCTION AND STATEMENT OF THE NATURE OF THE MATTER

Federal Rule of Civil Procedure 24(a) gives a party a right to intervene where it "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." And in cases challenging a state statute, North Carolina law declares that the Speaker of the North Carolina House of Representatives and the President Pro Tempore of the Senate —the Proposed Intervenors here—have just such an interest: they represent the State of North Carolina in equal measure with the executive branch and are thus possessed of the State's interest in defending the continued enforcement of its duly enacted laws.

The Supreme Court recently held that, in light of this "chosen means of diffusing its sovereign powers among various branches and officials," Proposed Intervenors have a right to intervene "in federal litigation challenging state law." *Berger v. North Carolina State Conference of the NAACP*, 142 S. Ct. 2191, 2201 (2022). Given the state statutes "authoriz[ing] the legislative leaders to defend the State's practical interests in litigation of this sort," they are possessed of the State's significant and legally protected interest in "the continued enforcement of [its] own statutes." *Id.* at 2201, 2202 (cleaned up). And since "North Carolina has authorized different agents to defend its practical interests precisely because, thanks to how it has structured its government, each may be expected to vindicate different points of view on the State's behalf," the presence of executive-branch named defendants—here, officials of the North Carolina Medical Board, the North Carolina Department of Health and Human Services, and its Secretary—does not adequately represent the legislative branch's unique interests in defending the challenged law. *Id.* at 2204

1

*Berger* controls Proposed Intervenors' motion to intervene in this case. Here, as in *Berger*, Plaintiffs have challenged one of North Carolina's statutes: in this case, its law prohibiting gender transition procedures for minors. Proposed Intervenors' interest in the case is the same as in *Berger*: defending the continued enforcement of that state law. And as in *Berger*, because the legislative branch "may be expected to vindicate different points of view on the State's behalf" than the existing, executive-branch defendants, its interest in the case is not adequately represented. *Id.* Just like in *Berger*, then, "North Carolina's legislative leaders are entitled to intervene in this litigation," *id.*, at 2206, and this Court should grant their motion to intervene.

Proposed Intervenors have conferred with counsel for Plaintiffs and named Defendants regarding the relief requested here. Defendants have stated that they do not oppose the motion. Plaintiffs have stated that they do not oppose this motion on the condition that Proposed Intervenors submit their opposition brief to Plaintiffs' preliminary injunction motion by November 3, which the parties agree is the current deadline for Defendants to oppose that motion. Proposed Intervenors agree not to seek an extension of time beyond November 3 to submit the opposition.

## STATEMENT OF FACTS

Plaintiffs filed this suit on October 11, 2023. Plaintiffs' complaint alleges that North Carolina's law prohibiting gender transition procedures for minors, S.L. 2023-111 (H.B. 808), *codified at* N.C. Gen. Stat. §§ 90-21.150-.154 and N.C. Gen. Stat. § 143C-6-5.6, violates the Fourteenth Amendment to the United States Constitution and Section 1557 of the Affordable Care Act, Compl., Doc. 1 ¶¶ 159-96. Plaintiffs seek a declaration that the challenged statute violates the Fourteenth Amendment and the Affordable Care Act and preliminary and permanent injunctions forbidding the statute's full implementation or enforcement. *Id.* at 54-55. Plaintiffs' complaint names as defendants the Chief Executive Officer of the North Carolina Medical Board, the

2

members of the North Carolina Medical Board, the Secretary of the North Carolina Department of Health and Human Services—in their official capacities—and the North Carolina Department of Health and Human Services itself. *Id.* ¶¶ 18-23.

On the same day Plaintiffs filed suit, they moved to proceed under fictitious names for Vance Voe, Vanessa Voe, and Victor Voe, Doc. 13, and for a preliminary injunction, Doc. 14. The North Carolina Medical Board Defendants waived service on October 13, Doc. 19, and their counsel appeared on October 17, Doc. 20. The North Carolina Department of Health and Human Services Defendants' waiver of service was filed on October 18, Doc. 21, and their counsel appeared on October 20, Doc. 23. Responses are still pending for Plaintiffs' two motions; no substantive proceedings have occurred.

## QUESTION PRESENTED

Whether Proposed Intervenors should be granted leave to intervene in this case under Federal Rule of Civil Procedure 24.

## ARGUMENT

Under Federal Rule of Civil Procedure 24(a), a court "must permit anyone to intervene who" (1) makes a timely motion to intervene, (2) has an "interest relating to the property or transaction that is the subject of the action" that "may as a practical matter" be "impair[ed] or impede[d]" by the disposition of the action, and (3) shows that he is not "adequately represent[ed]" by "existing parties." Fed. R. Civ. P. 24(a). All three of these requirements are satisfied here, and the Court should allow President Pro Tempore Berger and Speaker Moore to intervene as a matter of right. In the alternative, Proposed Intervenors should at the very least be allowed to intervene on a permissive basis.

3

## I. Proposed Intervenors' Motion Is Timely.

There can be no question that Proposed Intervenors' request to intervene is timely: no substantive proceedings have yet occurred in the case; Plaintiffs only filed the Defendants' waivers of service a few days ago; and counsel for Defendants appeared even more recently. Courts assessing the timeliness of a motion under Rule 24 "assess three factors: first, how far the underlying suit has progressed; second, the prejudice any resulting delay might cause the other parties; and third, why the movant was tardy in filing its motion." *Alt v. United States E.P.A.*, 758 F.3d 588, 591 (4th Cir. 2014). Given the nascent stage of this litigation, all three factors show that this motion is timely. No Defendant has responded to either of Plaintiffs' pending motions, and Proposed Intervenors will not seek an extension of the November 3 deadline to oppose Plaintiffs' preliminary injunction motion. Allowing intervention at the very outset of this case will not cause any prejudicial delay to the other parties. Plaintiffs themselves waited *eight weeks* to file suit after the General Assembly enacted the challenged statute. Compl. ¶ 2. The case is less than two weeks old, so there is no tardiness for Proposed Intervenors to explain.

## II. This Litigation Threatens To Impair Proposed Intervenors' Significantly Protectable Interest in the Continued Enforcement of the Challenged Laws.

The second intervention factor is also satisfied, as a matter of binding Supreme Court precedent. As the Supreme Court explained in *Berger*, "States possess a legitimate interest in the continued enforcement of their own statutes," and "federal courts should rarely question that a State's interests will be practically impaired or impeded if its duly authorized representatives are excluded from participating in federal litigation challenging state law." 142 S. Ct. at 2201 (cleaned up). And as *Berger* also held, Proposed Intervenors are included among those "duly authorized representatives" because "North Carolina has expressly authorized the legislative leaders to defend the State's practical interests in litigation of this sort." *Id.* at 2202.

4

N.C. Gen. Stat. § 1-72.2 provides that "in any action in any federal court in which the validity or constitutionality of an act of the General Assembly or a provision of the North Carolina Constitution is challenged, the General Assembly, jointly through the Speaker of the House of Representatives and the President Pro Tempore of the Senate, constitutes the legislative branch of the State of North Carolina" and, in equal measure with the executive branch, "constitute[s] the State of North Carolina" for purposes of defending the challenged state law. N.C. Gen. Stat. § 1-72.2(a). Moreover, Section 1-72.2 further provides that Proposed Intervenors "shall jointly have standing to intervene on behalf of the General Assembly as a party in any judicial proceeding challenging a North Carolina statute or provision of the North Carolina Constitution." *Id.* § 1-72.2(b). Indeed, North Carolina law directs that in lawsuits of this kind, "the Speaker of the House of Representatives and the President Pro Tempore of the Senate, as agents of the State through the General Assembly, shall be necessary parties." *Id.* § 120-32.6(b). As *Berger* holds, these statues plainly authorize Prospective Intervenors to "defend state laws 'as agents of the State.'" 142 S. Ct. at 2202 (quoting N.C. Gen. Stat. § 120-32.6(b)).

*Berger*'s holding is dispositive here. Plaintiffs' request to enjoin the enforcement of North Carolina's statute prohibiting gender transition procedures for minors threatens to impair or impede the State's sovereign "interest in the continued enforcement of [its] own statutes." *Id.* at 2201 (cleaned up). And this interest is shared by Proposed Intervenors in equal measure with the named executive-branch defendants. For as a matter of state law, North Carolina has chosen to "diffuse[e] its sovereign power among various branches and officials" by "expressly authoriz[ing] the legislative leaders to defend the State's practical interests in litigation." *Id.* at 2201, 2202.

### III. Proposed Intervenors' Interest Is Not Adequately Represented by the Current Defendants.

*Berger* also eliminates any argument that Proposed Intervenors' interest in defending the challenged laws is adequately represented by the North Carolina Medical Board officials named as defendants or by the North Carolina Department of Health and Human Services and its Secretary. "The requirement of [inadequate representation] is satisfied if the applicant shows that representation of his interest *may be* inadequate." *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n.10 (1972) (emphasis added; quotation marks omitted); *accord United Guaranty Residential Ins. Co. of Iowa v. Philadelphia Sav. Fund Soc'y*, 819 F.2d 473, 476 (4th Cir. 1987). "[T]he burden of making this showing should be treated as minimal." *Trbovich*, 404 U.S. at 538 n.10 (quotation marks omitted). And while the courts "have suggested that a presumption of adequate representation [is] appropriate in certain classes of cases," *Berger* squarely holds that "a presumption of adequate representation is inappropriate when a duly authorized state agent seeks to intervene to defend a state law." 142 S. Ct. at 2204.

*Berger* further explains why Proposed Intervenors easily satisfy the "minimal" showing that their interest in defending the challenged laws is not adequately represented by the existing defendants. *Trbovich*, 404 U.S. at 538 n.10. "North Carolina has authorized different agents to defend its practical interests precisely because, thanks to how it has structured its government, each may be expected to vindicate different points of view on the State's behalf." *Berger*, 142 S. Ct. at 2204. After all, "when a State chooses to allocate authority among different officials who do not answer to one another, different interests and perspectives, all important to the administration of state government, may emerge." *Id.* at 2201. While those different officials may have "'related' state interests, . . . they cannot be fairly presumed to bear 'identical' ones." *Id.* at 2204. Refusing to allow intervention in these circumstances would thus "evince disrespect for a State's chosen

6

means of diffusing its sovereign powers among various branches and officials" and "risk turning a deaf federal ear to voices the State has deemed crucial to understanding the full range of its interests." *Id.* at 2201. It would also "encourage plaintiffs to make strategic choices to control which state agents they will face across the aisle in federal court," in an effort to "select as their defendants those individual officials they consider most sympathetic to their cause or most inclined to settle favorably and quickly." *Id.* In light of these considerations, *Berger* holds, it "follows quickly" that "North Carolina's legislative leaders are entitled to intervene." *Id.* at 2205–06.

The same structural incentives that undergirded the Supreme Court's conclusion in *Berger* that "different officials" are likely to advance "different interest and perspectives" apply equally here. *Id.* at 2201. Indeed, Governor Roy Cooper vetoed the very legislation challenged here before the General Assembly overrode his veto. Compl. ¶ 2. Governor Cooper appoints eleven of the North Carolina Medical Board's thirteen members. N.C. Gen. Stat. § 90-2. And the Governor has the power to appoint the heads of principal departments, *id.* § 143A-9, including the Secretary of the North Carolina Department of Health and Human Services, *id.* §§ 143B-6, -139. Just as in *Berger*, then, Proposed Intervenors are entitled to intervene and advance their distinct interest in "defending the law vigorously on the merits without an eye to crosscutting administrative concerns." 142 S. Ct. at 2205.

In short, Proposed Intervenors are entitled to intervene as a matter of right under Rule 24(a) under a direct application of the Supreme Court's binding decision in *Berger*.

IV. **In the Alternative, the Court Should Grant Permissive Intervention.**

For these reasons, Proposed Intervenors are entitled to intervene as a matter of right. But even if the Court were to disagree, it should grant permissive intervention. Under Rule 24(b), the Court "may permit anyone to intervene who" files a timely motion and who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

7

For the reasons discussed above, Proposed Intervenors' motion is timely. And it is also clear that Proposed Intervenors will present a defense "that shares with the main action a common question of law or fact," *id.*: whether the challenged law is inconsistent with the Fourteenth Amendment and Affordable Care Act. At a bare minimum, then, the Court should grant permissive intervention.

## CONCLUSION

The Court should allow Proposed Intervenors to intervene under Fed. R. Civ. P. 24.

Dated: October 23, 2023

/s/ Craig D. Schauer
Craig D. Schauer (State Bar No. 41571)
DOWLING PLLC
3801 Lake Boone Tr., Suite 260
Raleigh, NC 27607
(919) 529-3351
cschauer@dowlingfirm.com

*Local Civil Rule 83.1 Counsel
for Proposed Defendant-Intervenors*

Respectfully submitted,

David H. Thompson
Peter A. Patterson
Brian W. Barnes
Clark L. Hildabrand
COOPER AND KIRK, PLLC
1523 New Hampshire Avenue, NW
Washington, D.C. 20036
(202) 220-9600
dthompson@cooperkirk.com

*Counsel for Proposed
Defendant-Intervenors*

**CERTIFICATE OF WORD COUNT**

Pursuant to Local Rule 7.3(d)(1), the undersigned counsel hereby certifies that the foregoing Memorandum, including body, headings, and footnotes, contains 2,281 words as measured by Microsoft Word.

/s/ Craig D. Schauer
Craig D. Schauer
*Counsel for Proposed Intervenors*

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that, on October 23, 2023, I electronically filed the foregoing Memorandum with the Clerk of the Court using the CM/ECF system which will send notification of such to all counsel of record in this matter.

/s/ Craig D. Schauer
Craig D. Schauer
*Counsel for Proposed Intervenors*