UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| VICTOR VOE, by and through his parents and next friends, Vanessa Voe and Vance Voe; *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> THOMAS MANSFIELD, in his official capacity as Chief Executive Officer of the North Carolina Medical Board; *et al.*, <br><br> *Defendants*, <br><br> and <br><br> PHILIP E. BERGER, in his official capacity as President Pro Tempore of the North Carolina Senate, and TIMOTHY K. MOORE, in his official capacity as Speaker of the North Carolina House of Representatives, <br><br> *Intervenor-Defendants*. | CASE NO. 1:23-cv-864 |

## INTERVENOR-DEFENDANTS' RESPONSE TO VOE PLAINTIFFS' MOTION TO PROCEED PSEUDONYMOUSLY

Intervenor-Defendants' do not oppose Plaintiffs Victor Voe, Vanessa Voe, and Vance Voe proceeding pseudonymously in this action. *See* Mot. to Proceed Pseudonymously, Doc. 13. Intervenors' non-opposition does not constitute agreement with any factual or legal assertion Plaintiffs make in their memorandum of law. *See* Memo., Doc. 13-1. Intervenors file this response to expressly state their understanding of the effect of this Court granting the motion to proceed pseudonymously on two points.

1

*First*, Intervenors expressly state their understanding that the Court's order allowing the Voes to proceed pseudonymously does not restrict Intervenors or other Defendants from obtaining Movants' true names along with information, documents, and other materials "otherwise discoverable under the Federal Rules of Civil Procedure." Proposed Order ¶1.

*Second*, Intervenors further state their understanding that the Voes proceeding pseudonymously does not, by itself, justify statewide relief or injunctive relief that Plaintiffs would not otherwise be entitled to if they were proceeding under their own names. *See L.W. v. Skrmetti*, 83 F.4th 460, 490 (6th Cir. 2023) ("[P]laintiffs cite no authority that privacy interests alone could justify statewide relief."). Otherwise, Plaintiffs' motion would prejudice Intervenors, other Defendants, and the State of North Carolina as a whole, and Intervenors would need to reconsider their non-opposition.

Dated: November 3, 2023

/s/ Craig D. Schauer
Craig D. Schauer (State Bar No. 41571)
DOWLING PLLC
3801 Lake Boone Tr., Suite 260
Raleigh, NC 27607
(919) 529-3351
cschauer@dowlingfirm.com

*Local Civil Rule 83.1 Counsel*
*for Intervenor-Defendants*

Respectfully submitted,

David H. Thompson
Peter A. Patterson
Brian W. Barnes
Clark L. Hildabrand
COOPER AND KIRK, PLLC
1523 New Hampshire Avenue, NW
Washington, D.C. 20036
(202) 220-9600
dthompson@cooperkirk.com

*Counsel for Intervenor-Defendants*

## CERTIFICATE OF WORD COUNT

Pursuant to Local Rule 7.3(d)(1), the undersigned counsel hereby certifies that the foregoing Response, including body, headings, and footnotes, contains 203 words as measured by Microsoft Word.

/s/ Craig D. Schauer
Craig D. Schauer
*Counsel for Intervenors*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that, on November 3, 2023, I electronically filed the foregoing Response with the Clerk of the Court using the CM/ECF system which will send notification of such to all counsel of record in this matter.

/s/ Craig D. Schauer
Craig D. Schauer
*Counsel for Intervenors*

4

Case 1:23-cv-00864-LCB-LPA   Document 38   Filed 11/03/23   Page 4 of 4