UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:23-CV-00864
DURHAM DIVISION

| | | |
|---|---|---|
| VICTOR VOE, by and through his parents and next friends, Vanessa Voe and Vance Voe; *et al.*, | ) ) ) ) | |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | |
| THOMAS MANSFIELD, in his official capacity as Chief Executive Officer of the North Carolina Medical Board; *et al.*, | ) ) ) ) | **ANSWER OF THE MEDICAL BOARD TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| *Defendants*, | ) ) | |
| and | ) ) | |
| PHILIP E. BERGER, in his official capacity as President Pro Tempore of the North Carolina Senate, and TIMOTHY K. MOORE, in his official capacity as Speaker of the North Carolina House of Representatives, | ) ) ) ) ) ) | |
| *Intervenors-Defendants.* | ) ) | |

NOW COMES Defendants Thomas Mansfield, in his official capacity as Chief Executive Officer of the North Carolina Medical Board, Michaux R. Kilpatrick, Christine M. Khandelwal, Devdutta G. Sangvai, John W. Rusher, William M. Brawley, W. Howard Hall, N. Melinda Hill-Price, Sharona Y. Johnson; Joshua D. Malcolm, Miguel A. Pineiro, Anuradha Rao-Pate, Robert Rich, Jr. and David P. Sousa, in their official capacities as members of the North Carolina Medical Board (collectively, "the Medical Board" or "Defendants"), by and through undersigned counsel, and hereby answer Plaintiffs' First

Amended Complaint as follows:

## ANSWER TO AMENDED COMPLAINT

1.      Defendants admit, on information and belief, that on June 29, 2023, the North Carolina General Assembly ratified House Bill 808 ("HB 808"). HB 808 speaks for itself and serves as the best evidence of its contents. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

2.      Defendants admit, on information and belief, that on July 5, 2023, Governor Roy Cooper vetoed HB 808. Defendants further admit, on information and belief, that on August 16, 2023, the North Carolina General Assembly voted to override Governor Cooper's veto. Otherwise, the allegations of Paragraph 2 state legal conclusions and require no response from Defendants. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

3.      The guidelines referenced in Paragraph 3 speak for themselves and serve as the best evidence of their contents. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

4.      Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 4.

5.    Defendants admit that N.C.G.S. § 90-21.151 makes it "unlawful for a medical professional to perform a surgical gender transition procedure on a minor or to prescribe, provide, or dispense puberty-blocking drugs or cross-sex hormones to a minor." Otherwise, the allegations of Paragraph 5 state legal conclusions and require no response from Defendants. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

6.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 6.

7.    HB 808 speaks for itself and serves as the best evidence of its contents. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

8.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 8.

9.    Defendants admit that N.C.G.S. § 90-21.151 makes it unlawful to "perform a surgical gender transition procedure on a minor or to prescribe, provide, or dispense puberty-blocking drugs or cross-sex hormones to a minor." Upon information and belief, Defendants further admit that DSM-5-TR identifies certain negative mental health outcomes that individuals with gender dysphoria may experience. To the extent additional response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 9.

3

10.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 10.

11.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 11.

12.     The allegations of Paragraph 12 state legal conclusions and require no response from Defendants.

13.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 13.

14.     To the extent that a response to Paragraph 14 is deemed to be required, Defendants lack sufficient information and knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 14.

15.     To the extent that a response to Paragraph 15 is deemed to be required, Defendants lack sufficient information and knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 15.

16.     Defendants admit, on information and belief, that Plaintiff, Dr. Riley Smith, is a North Carolina board-certified and licensed physician with a medical practice at the University of North Carolina School of Medicine's Department of Family Medicine. Except as expressly admitted herein, Defendants lack sufficient information and knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 16.

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 17.

4

18. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 18.

19. Admit.

20. Defendants admit that the North Carolina Medical Board licenses physicians, physician assistants, and anesthesiologist assistants to perform medical acts, tasks, or functions. N.C.G.S. § 90-1.1(4); N.C.G.S. § 90-5.1. Defendants further admit that a violation of Article 1N of Chapter 90 of the North Carolina General Statutes "by a medical professional shall be considered unprofessional conduct and shall result in the revocation of the medical professional's license to practice." N.C.G.S. § 90-21.153. Otherwise, the allegations of Paragraph 20 state legal conclusions and require no response from Defendants.

21. Admit.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 22.

23. Defendants admit that "[t]he State is responsible for the nonfederal share of the costs of medical services provided under the [Medicaid] Program." N.C.G.S. § 108A-54(a). Defendants further admit that, pursuant to N.C.G.S. § 143C-6- 5.6(b), "[n]o State funds may be used, directly or indirectly, for the performance of or in furtherance of surgical gender transition procedures, or to provide puberty-blocking drugs or cross-sex hormones to a minor, or to support the administration of any governmental health plan or government-offered insurance policy offering surgical gender transition procedures,

5

puberty-blocking drugs, or cross-sex hormones to a minor." Otherwise, the allegations of Paragraph 23 state legal conclusions and require no response from Defendants.

24. Defendants admit that Kody Kinsley is the Secretary of the North Carolina Department of Health and Human Services. Otherwise, the state laws cited in Paragraph 24 speak for themselves and are the best evidence of their contents. The remaining allegations of Paragraph 24 state legal conclusions and require no response from Defendants.

25. The allegations of Paragraph 25 state legal conclusions and require no response from Defendants.

26. The allegations of Paragraph 26 state legal conclusions and require no response from Defendants.

27. The allegations of Paragraph 27 state legal conclusions and require no response from Defendants.

28. The allegation of Paragraph 28 regarding venue states a legal conclusion and requires no response from Defendants. To the extent that a response to Paragraph 28 is deemed to be required, Defendants lack sufficient information and knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 28.

29. The Medicaid Act, Title XIX of the Social Security Act of 1965, 42 U.S.C. §§ 1396-1396w-6, speaks for itself and serves as the best evidence of its contents. Otherwise, the allegations of Paragraph 29 state legal conclusions and require no response from Defendants.

30.    The statute cited in Paragraph 30 speaks for itself and serves as the best evidence of its contents. Otherwise, the allegations of Paragraph 30 state legal conclusions and require no response from Defendants.

31.    The statutes cited in Paragraph 31 speak for themselves and serve as the best evidence of their contents. Otherwise, the allegations of Paragraph 31 state legal conclusions and require no response from Defendants.

32.    The statutes cited in Paragraph 32 speak for themselves and serve as the best evidence of their contents. Otherwise, the allegations of Paragraph 32 state legal conclusions and require no response from Defendants.

33.    The regulations cited in Paragraph 33 speak for themselves and serve as the best evidence of their contents. Otherwise, the allegations of Paragraph 33 state legal conclusions and require no response from Defendants.

34.    The statute cited in Paragraph 34 speaks for itself and serves as the best evidence of its contents. Otherwise, the allegations of Paragraph 34 state legal conclusions and require no response from Defendants.

35.    The statute cited in Paragraph 35 speaks for itself and serves as the best evidence of its contents. Otherwise, the allegations of Paragraph 35 state legal conclusions and require no response from Defendants.

36.    The statute cited in Paragraph 36 speaks for itself and serves as the best evidence of its contents. Otherwise, the allegations of Paragraph 36 state legal conclusions and require no response from Defendants.

37. The statutes cited in Paragraph 37 speak for themselves and serve as the best evidence of their contents. Otherwise, the allegations of Paragraph 37 state legal conclusions and require no response from Defendants.

38. The statute cited in Paragraph 38 speaks for itself and serves as the best evidence of its contents. Otherwise, the allegations of Paragraph 38 state legal conclusions and require no response from Defendants.

39. The statute cited in Paragraph 39 speaks for itself and serves as the best evidence of its contents. Otherwise, the allegations of Paragraph 39 state legal conclusions and require no response from Defendants.

40. The manual cited in Paragraph 40 speaks for itself and serves as the best evidence of its contents. Otherwise, the allegations of Paragraph 40 state legal conclusions and require no response from Defendants.

41. The statutes cited in Paragraph 41 speak for themselves and serve as the best evidence of their contents. Otherwise, the allegations of Paragraph 41 state legal conclusions and require no response from Defendants.

42. The statutes cited in Paragraph 42 speak for themselves and serve as the best evidence of their contents. Otherwise, the allegations of Paragraph 42 state legal conclusions and require no response from Defendants.

43. The statutes cited in Paragraph 43 speak for themselves and serve as the best evidence of their contents. Otherwise, the allegations of Paragraph 43 state legal conclusions and require no response from Defendants.

44. The statutes cited in Paragraph 44 speak for themselves and serve as the best evidence of their contents. Otherwise, the allegations of Paragraph 44 state legal conclusions and require no response from Defendants.

45. The statute cited in Paragraph 45 speaks for itself and serves as the best evidence of its contents. Otherwise, the allegations of Paragraph 45 state legal conclusions and require no response from Defendants.

46. The regulation cited in Paragraph 46 speaks for itself and serves as the best evidence of its contents. Otherwise, the allegations of Paragraph 46 state legal conclusions and require no response from Defendants.

47. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 47.

48. Upon information and belief, Defendants admit that doctors in North Carolina provide treatment to adolescents with gender dysphoria. The research and guidelines referenced in Paragraph 48 speak for themselves and serve as the best evidence of their contents. To the extent additional response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

49. Upon information and belief, Defendants admit that the term "gender identity" refers to a person's sense of belonging to a particular gender. To the extent additional response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 49.

9

50.     Upon information and belief, Defendants admit that living in a manner consistent with one's gender identify can affect a person's health and well-being. To the extent additional response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 50.

51.     Upon information and belief, Defendants admit that gender identity has been recognized as an aspect of human development. To the extent additional response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 51.

52.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 52.

53.     Upon information and belief, Defendants admit that a person's gender identity usually matches the sex they were designated at birth. Defendants further admit that some people with intersex characteristics may have a chromosomal configuration typically associated with a male sex designation but genital characteristics typically associated with a female sex designation. The treatise cited in Paragraph 33 speaks for itself and serves as the best evidence of its contents. To the extent additional response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

54.      Upon information and belief, Defendants admit the allegations of Paragraph 54.

55.     Upon information and belief, Defendants admit that living in a manner consistent with one's gender identify can affect a person's health and well-being. Upon

information and belief, Defendants further admit that DSM-5-TR identifies certain negative mental health outcomes that individuals with gender dysphoria may experience. To the extent additional response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 55.

56.     Upon information and belief, Defendants admit that gender dysphoria is a medical condition described in the American Psychiatric Association's *Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition, Text Revision* ("DSM-5-TR") (DSM-5 was released in 2013, and DSM-5-TR was released in 2022). Otherwise, DSM-5-TR, speaks for itself and serves as the best evidence of its contents. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

57.     The treatise cited in Paragraph 57 speaks for itself and serves as the best evidence of its contents. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

58.     The treatise cited in Paragraph 58 speaks for itself and serves as the best evidence of its contents. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

59.     Upon information and belief, Defendants admit that gender dysphoria is a medical condition described in DSM-5-TR. Upon information and belief, Defendants further admit that DSM-5-TR identifies certain negative mental health outcomes that individuals with gender dysphoria may experience. Except as admitted herein,

Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 59.

60. The guidelines cited in Paragraph 60 speak for themselves and serve as the best evidence of their contents. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

61. Upon information and belief, Defendants admit that medical treatment for gender dysphoria may seek to eliminate or alleviate stress by helping a transgender person live in alignment with their gender identity. Defendants further admit, upon information and belief, that some treatments of gender dysphoria may be referred to as "gender transition," "transition-related care," or "gender-affirming care." To the extent additional response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

62. The treatise cited in Paragraph 62 speaks for itself and serves as the best evidence of its contents. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

63. The guidelines referenced in Paragraph 63 speak for themselves and serve as the best evidence of their contents.

64. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 64.

65. The guidelines referenced in Paragraph 65 speak for themselves and serve as the best evidence of their contents. To the extent a response is required, Defendants

12

lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

66. The guidelines referenced in Paragraph 66 speak for themselves and serve as the best evidence of their contents. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

67. The guidelines referenced in Paragraph 67 speak for themselves and serve as the best evidence of their contents. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

68. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 68.

69. Upon information and belief, Defendants admit that treatment for gender dysphoria may differ between pre-pubertal children, adolescents, and adults. The guidelines referenced in Paragraph 69 speak for themselves and serve as the best evidence of their contents. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

70. Upon information and belief, Defendants admit that treatment for gender dysphoria may be tailored to a person's individualized needs and may involve pediatric endocrinologists and qualified mental health professionals. The guidelines referenced in Paragraph 70 speak for themselves and serve as the best evidence of their contents. To

13

the extent additional response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

71. Upon information and belief, Defendants admit that puberty-delaying medications have been used to treat adolescents with gender dysphoria. Upon information and belief, Defendants further admit that puberty-delaying treatment pauses an individual's endogenous puberty, including the development of associated secondary sex characteristics. To the extent additional response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 71.

72. The guideline cited in Paragraph 72 speaks for itself and serves as the best evidence of its contents.

73. The guidelines cited in Paragraph 73 speak for themselves and serve as the best evidence of their contents.

74. Upon information and belief, Defendants admit that puberty-blocking drugs have been used in the treatment of gender dysphoria. To the extent additional response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 74.

75. Upon information and belief, Defendants admit that puberty-delaying treatment pauses an individual's endogenous puberty, including the development of associated secondary sex characteristics. Except as admitted herein, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 75.

14

76.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 76.

77.     Defendants admit that doctors are generally required to obtain informed consent from patients prior to initiating treatment. To the extent additional response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 77.

78.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 78.

79.     Upon information and belief, Defendants admit that the treatment of gender dysphoria may include the use of gender-affirming hormone treatment after puberty-delaying treatment for the purpose of implementing a puberty consistent with an individual's gender identity. To the extent additional response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 79.

80.     Upon information and belief, Defendants admit that the treatment of gender dysphoria in adolescents may include gender-affirming hormone therapy. To the extent additional response is required. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 80.

81.     The guideline cited in Paragraph 81 speaks for itself and serves as the best evidence of its contents.

82.     The guidelines cited in Paragraph 82 speak for themselves and serve as the best evidence of their contents.

83.     Upon information and belief, Defendants admit the allegations of Paragraph 83.

84.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 84.

85.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 85.

86.     Upon information and belief, Defendants admit that gender-affirming hormone therapy may not result in a loss of fertility, and individuals treated with gender-affirming hormone therapy may conceive and produce children. To the extent additional response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 86.

87.     Defendants admit that doctors are generally required to obtain informed consent from patients prior to initiating treatment. To the extent additional response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 87.

88.     Upon information and belief, Defendants admit the allegations of Paragraph 88.

89.     The guidelines cited in Paragraph 89 speak for themselves and serve as the best evidence of their contents. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

16

90.     Upon information and belief, Defendants admit that the treatment of adults who received treatment for gender dysphoria as adolescents may not include the same medical interventions as adults who did not receive treatment for gender dysphoria as an adolescent. To the extent additional response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 90.

91.     Upon information and belief, Defendants admit that the goal of gender-affirming medical care is to improve the health outcomes of individuals with gender dysphoria. To the extent additional response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 91.

92.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 92.

93.     Defendants admit that N.C.G.S. § 90-21.151 makes it unlawful to "perform a surgical gender transition procedure on a minor or to prescribe, provide, or dispense puberty-blocking drugs or cross-sex hormones to a minor." Defendants further admit that N.C.G.S. § 90-21.152 provides for exceptions to that ban. Defendants further admit that N.C.G.S. § 90-21.150(10) defines "puberty-blocking drugs" as those used "to delay or suppress pubertal development in children for the purpose of assisting an individual with a gender transition." Otherwise, the allegations of Paragraph 93 state legal conclusions and require no response from Defendants.

17

94.     Upon information and belief, Defendants admit that puberty-delaying medication can be used to treat central precocious puberty, which, if untreated, can result in the impairment of final adult height, antisocial behavior, and lower academic achievement. Defendants admit that HB 808 makes it unlawful to "prescribe, provide, or dispense puberty-blocking drugs," N.C.G.S. § 90-21.151, "when used to delay or suppress pubertal development in children for the purpose of assisting an individual with a gender transition," N.C.G.S. § 90-21.150(10). Defendants further admit that HB 808 did not make it unlawful to prescribe, provide, or dispense such drugs for otherwise lawful purposes. These statutes otherwise speak for themselves and serve as the best evidence of their contents. Otherwise, the allegations of Paragraph 94 state legal conclusions and require no response from Defendants.

95.     Defendants admit that HB 808 makes it unlawful to "prescribe, provide, or dispense puberty-blocking drugs," N.C.G.S. § 90-21.151, "when used to delay or suppress pubertal development in children for the purpose of assisting an individual with a gender transition," N.C.G.S. § 90-21.150(10). Defendants further admit that HB 808 did not make it unlawful to prescribe, provide, or dispense such drugs for otherwise lawful purposes. Except as otherwise stated herein, and upon information and belief, Defendants admit the allegations of Paragraph 95.

96.     Defendants admit that doctors are generally required to obtain informed consent from patients prior to initiating treatment. To the extent additional response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 96.

18

97.     Admitted.

98.     Defendants admit that N.C.G.S. § 90-21.151 makes it unlawful to "perform a surgical gender transition procedure on a minor or to prescribe, provide, or dispense puberty-blocking drugs or cross-sex hormones to a minor." Defendants further admit that N.C.G.S. § 90-21.150(10) defines "puberty-blocking drugs" as those used "to delay or suppress pubertal development in children for the purpose of assisting an individual with a gender transition." These statutes otherwise speak for themselves and serve as the best evidence of their contents.

99.     The statute cited in Paragraph 99 speaks for itself and serves as the best evidence of its contents.

100.    The statute cited in Paragraph 100 speaks for itself and serves as the best evidence of its contents. Otherwise, the allegations of Paragraph 100 state legal conclusions and require no response from Defendants.

101.    The statute cited in Paragraph 101 speaks for itself and serves as the best evidence of its contents. Otherwise, the allegations of Paragraph 101 state legal conclusions and require no response from Defendants.

102.    Defendants admit that "[a] violation of [Article 1N of Chapter 90 of the North Carolina General Statutes] by a medical professional shall be considered unprofessional conduct and shall result in the revocation of the medical professional's license to practice." N.C.G.S. § 90-21.153. This statute otherwise speaks for itself and serves as the best evidence of its contents.

19

103. The statute cited in Paragraph 103 speaks for itself and serves as the best evidence of its contents. Otherwise, the allegations of Paragraph 103 state legal conclusions and require no response from Defendants.

104. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 104.

105. The news article cited in Paragraph 105 speaks for itself and serves as the best evidence of its contents. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

106. The document cited in Paragraph 106 speaks for itself and serves as the best evidence of its contents. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

107. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 107.

108. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 108.

109. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 109.

110. The document cited in Paragraph 110 speaks for itself and serves as the best evidence of its contents. To the extent a response is required, Defendants lack

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

111. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 111.

112. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 112.

113. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 113.

114. Defendants admit, on information and belief, Governor Roy Cooper vetoed HB 574 and SB 49. Defendants further admit, on information and belief, that on August 16, 2023, the North Carolina General Assembly voted to override Govern Cooper's vetoes. Otherwise, the statutes cited in Paragraph 114 speak for themselves and serve as the best evidence of their contents. To the extent additional response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 114.

115. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 115.

116. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 116.

117. The allegations of Paragraph 117 state legal conclusions and require no response from Defendants.

118.    Defendants admit that HB 808 makes it "unlawful for a medical professional to perform a surgical gender transition procedure on a minor or to prescribe, provide, or dispense puberty-blocking drugs or cross-sex hormones to a minor," except under the exceptions described therein. N.C.G.S. § 90-21.151. The research and clinical evidence referenced in Paragraph 118 speaks for itself and serves as the best evidence of its contents. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

119.    The allegations of Paragraph 119 state legal conclusions and require no response from Defendants.

120.    The allegations in Paragraph 120 state legal conclusions and require no response from Defendants. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

121.    Defendants admit that every medical intervention carries potential risks and potential benefits. Except as expressly admitted herein, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

122.    The guidelines and document referenced and cited in Paragraph 122 speak for themselves and serve as the best evidence of their contents. Defendants admit that doctors are generally required to obtain informed consent from patients prior to initiating treatment. To the extent additional response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

123.    The allegations in Paragraph 123 state legal conclusions and require no response from Defendants.

124.    The allegations in Paragraph 124 state legal conclusions and require no response from Defendants.

125.    Defendants admit that DSM-5-TR identifies certain negative mental health outcomes that individuals with gender dysphoria may experience. Upon information and belief, Defendants further admit that the treatment of adults who received treatment for gender dysphoria as adolescents may not include the same medical interventions as adults who did not receive treatment for gender dysphoria as an adolescent. To the extent additional response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 125.

126.    Defendants admit that DSM-5-TR identifies certain negative mental health outcomes that individuals with gender dysphoria may experience. The treatises cited in Paragraph 126 speak for themselves and serve as the best evidence of their contents. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

127.    The medical and scientific studies referenced and cited in Paragraph 127 speak for themselves and serve as the best evidence of their contents. Defendants admit that DSM-5-TR identifies certain negative mental health outcomes that individuals with gender dysphoria may experience. Upon information and belief, Defendants further admit that the treatment of adults who received treatment for gender dysphoria as adolescents may not include the same medical interventions as adults who did not receive treatment

23

for gender dysphoria as an adolescent. To the extent additional response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

128. Defendants admit that not taking puberty-delaying drugs or hormone therapy results in puberty occurring. To the extent additional response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

129. Upon information and belief, Defendants further admit that the treatment of adults who received treatment for gender dysphoria as adolescents may not include the same medical interventions as adults who did not receive treatment for gender dysphoria as an adolescent. To the extent additional response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 129.

130. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 130.

131. Upon information and belief, Defendants further admit that the treatment of adults who received treatment for gender dysphoria as adolescents may not include the same medical interventions as adults who did not receive treatment for gender dysphoria as an adolescent. To the extent additional response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 131.

132.    Upon information and belief, Defendants admit that the medical treatment for gender dysphoria may seek to eliminate or treat certain negative mental health outcomes that individuals with gender dysphoria may experience. To the extent additional response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 132.

133.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 133.

134.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 134.

135.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 135.

136.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 136.

137.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 137.

138.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 138.

139.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 139.

140.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 140.

141. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 141.

142. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 142.

143. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 143.

144. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 144.

145. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 145.

146. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 146.

147. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 147.

148. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 148.

149. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 149.

150. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 150.

151. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 151.

152. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 152.

153. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 153.

154. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 154.

155. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 155.

156. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 156.

157. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 157.

158. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 158.

159. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 159.

160. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 160.

161. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 161.

162. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 162.

163.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 163.

164.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 164.

165.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 165.

166.    Admitted upon information and belief.

167.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 167.

168.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 168.

169.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 169.

170.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 170.

171.    The statute cited in Paragraph 171 speaks for itself and serves as the best evidence of its contents.  Otherwise, the allegations of Paragraph 171 state legal conclusions and require no response from Defendants.

172.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 172.

173.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 173.

174.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 174.

175.    The allegations contained in the first sentence of Paragraph 175 states a legal conclusion and requires no response from Defendants. Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 175.

176.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 176.

177.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 177.

178.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 178.

179.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 179.

180.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 180.

181.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 181.

182.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 182.

183.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 183.

184.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 184.

185.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 185.

186.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 186.

187.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 187.

188.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 188.

189.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 189.

190.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 190.

191.    The policy statement referenced in Paragraph 191 speaks for itself and serves as the best evidence of its contents. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

192.    The issue brief referenced in Paragraph 192 speaks for itself and serves as the best evidence of its contents. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

193.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 193.

194.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 194.

195.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 195.

196.    Defendants admit that a violation of Article 1N of Chapter 90 of the North Carolina General Statutes "by a medical professional shall be considered unprofessional conduct and shall result in the revocation of the medical professional's license to practice." N.C.G.S. § 90-21.153. Except as expressly admitted herein, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 196.

197.    Defendants incorporate by reference and reassert their responses to Plaintiffs' allegations in all of the Paragraphs of this Answer, as though fully set forth therein.

198.    The allegations of Paragraph 198 state legal conclusions and require no response from Defendants.

199.    The Fourteenth Amendment to the United States Constitution and the statute cited in Paragraph 199 speak for themselves and serve as the best evidence of their contents. Otherwise, the allegations of Paragraph 199 state legal conclusions and require no response from Defendants.

200.    The statute cited in Paragraph 200 speaks for itself and serves as the best evidence of its contents. Otherwise, the allegations of Paragraph 200 state legal conclusions and require no response from Defendants.

201.    The statute cited in Paragraph 201 speaks for itself and serves as the best evidence of its contents. Otherwise, the allegations of Paragraph 200 state legal conclusions and require no response from Defendants.

202.    The allegations of Paragraph 202 state legal conclusions and require no response from Defendants.

203.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 203.

204.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 204.

205.    The allegations of Paragraph 205 state legal conclusions and require no response from Defendants.

206.    The allegations of Paragraph 206 state legal conclusions and require no response from Defendants.

207.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 207.

208.    The allegations of Paragraph 208 state legal conclusions and require no response from Defendants.

209.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 209.

210.    The allegations of Paragraph 210 state legal conclusions and require no response from Defendants.

211.    The allegations of Paragraph 211 state a legal conclusion and require no response from Defendants.

212.    The allegations of Paragraph 212 state a legal conclusion and require no response from Defendants.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 212.

213.    The allegations of Paragraph 213 state legal conclusions and require no response from Defendants.

214.    Defendants incorporate by reference and reassert their responses to Plaintiffs' allegations in all of the Paragraphs of this Answer, as though fully set forth therein.

215.    The allegations of Paragraph 215 state legal conclusions and require no response from Defendants.

216.    The Fourteenth Amendment to the United States Constitution and the statute cited in Paragraph 216 speak for themselves and serve as the best evidence of their contents. Otherwise, the allegations of Paragraph 216 state legal conclusions and require no response from Defendants.

217.    The allegations of Paragraph 217 state legal conclusions and require no response from Defendants.

218. The allegations of Paragraph 218 state a legal conclusion and require no response from Defendants.

219. The allegations of Paragraph 219 state legal conclusions and require no response from Defendants.

220. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 220.

221. The allegations of Paragraph 221 state legal conclusions and require no response from Defendants.

222. The allegations of Paragraph 222 state legal conclusions and require no response from Defendants.

223. Defendants incorporate by reference and reassert their responses to Plaintiffs' allegations in all of the Paragraphs of this Answer, as though fully set forth therein.

224. The statutes and regulation cited in Paragraph 224 speak for themselves and serve as the best evidence of their contents. Otherwise, the allegations of Paragraph 224 state legal conclusions and require no response from Defendants.

225. The allegations of Paragraph 225 state legal conclusions and require no response from Defendants.

226. Defendants admit, upon information and belief, that NC Medicaid is a government program that provides health services to North Carolinians and is administered by Defendant DHHS. Defendants further admit, upon information and belief, that NC Medicaid receives federal financial assistance from the Centers for

34

Medicare and Medicaid Services.  Otherwise, the allegations of Paragraph 226 state legal conclusions and require no response from Defendants.

227.    The allegations of Paragraph 227 state legal conclusions and require no response from Defendants.

228.    The allegations of Paragraph 228 state legal conclusions and require no response from Defendants.

229.    The statute cited in Paragraph 229 speaks for itself and serves as the best evidence of its contents. Otherwise, the allegations of Paragraph 229 state legal conclusions and require no response from Defendants.

230.    The allegations of Paragraph 230 state legal conclusions and require no response from Defendants.

231.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 231.

232.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 232.

233.    The allegations of Paragraph 233 state legal conclusions and require no response from Defendants.

234.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 234.  Otherwise, the allegations of Paragraph 234 state legal conclusions and require no response from Defendants.

35

235.    Defendants incorporate by reference and reassert their responses to Plaintiffs' allegations in all of the Paragraphs of this Answer, as though fully set forth therein.

236.    The statutes cited in Paragraph 236 speak for themselves and serve as the best evidence of their contents. Otherwise, the allegations of Paragraph 236 state legal conclusions and require no response from Defendants.

237.    The statutes cited in Paragraph 237 speak for themselves and serve as the best evidence of their contents. Otherwise, the allegations of Paragraph 237 state legal conclusions and require no response from Defendants.

## PRAYER FOR RELIEF

Defendant admits that Plaintiff seeks the relief described in the prayer for relief.

## FURTHER DEFENSES

Defendant pleads and reserves the right to assert any further defenses that may become apparent during the course of litigation and discovery.

Respectfully submitted, this 12th day of December 2023.

JOSHUA H. STEIN
Attorney General

/s/ Michael Bulleri
Michael Bulleri
Special Deputy Attorney General
N.C. State Bar No. 35196
E-mail: mbulleri@ncdoj.gov

N.C. Department of Justice
P.O. Box 629
Raleigh, NC 27602-0629

Telephone: (919) 716-6900
Facsimile: (919) 716-6761

*Counsel for Defendant Medical Board*