IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Durham Division

| | |
|---|---|
| VICTOR VOE, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> THOMAS MANSFIELD, *et al.*, <br><br> *Defendants*, <br><br> and <br><br> PHILIP E. BERGER, *et al.*, <br><br> *Intervenor-Defendants*. | Civil No. 1:23-CV-864-LCB-LPA <br><br> **JOINT RULE 26(F) REPORT** |

    The Parties, through the undersigned counsel, pursuant to Federal Rule of Civil Procedure 16(b) and 26(f), and M.D.N.C. Local Rules 16.1(b) and 26.1, respectfully submit this Joint Report to the Court.

    1.    Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.1(b) a meeting was held on January 11, 2024 by phone conference and was attended by Lauren Snyder and Deepika Ravi of HWG LLP, Tara Borelli, Sruti Swaminathan, Omar Gonzalez-Pagan, and Kenneshea Allums of Lambda Legal Defense and Education Fund, Inc., Catherine McKee of the National Health Law Program, and Anna Fosberg of McDermott, Will & Emery for Plaintiffs VICTOR VOE, VANESSA VOE, VANCE

1

VOE, RILEY SMITH, M.D., JOY DOE, JENNIFER DOE, JAMES DOE, PFLAG, INC., and GLMA: HEALTH PROFESSIONALS ADVANCING LGBTQ+ EQUALITY; Michael Bulleri of the North Carolina Department of Justice for Defendants THOMAS MANSFIELD, in his official capacity as Chief Executive Officer of the North Carolina Medical Board; and CHRISTINE M. KHANDELWAL; DEVDUTTA G. SANGVAI; ANURADHA RAO-PATEL; CANDACE A. BRADLEY; WILLIAM M. BRAWLEY; W. HOWARD HALL; N. MELINDA HILL-PRICE; SHARONA Y. JOHNSON; JOSHUA D. MALCOLM; MARK A. NEWELL; MIGUEL A. PINEIRO; ROBERT RICH, JR.; and DAVID P. SOUSA (collectively, "Medical Board Defendants"); Colleen M. Crowley of the North Carolina Department of Justice for Defendants NORTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN SERVICES and KODY KINSLEY (collectively, "Medicaid Defendants"); Craig D. Schauer of Dowling PLLC, and Brian W. Barnes, Nicole Moss, and Clark Hildabrand of Cooper and Kirk, PLLC for Intervenor-Defendants PHILIP E. BERGER and TIMOTHY K. MOORE (collectively, "Intervenors").

2. Discovery Plan. The parties propose to the Court the following discovery plan:

    a. The commencement date of discovery will be upon entry of the scheduling order.

b. Without conceding the relevance of any particular discovery topic or waiving any objections thereto, the Parties agree that discovery will be needed on the following subjects:

    i. The prohibitions and restrictions on treatment and funding in North Carolina House Bill 808 (SL 2023-111), codified as N.C. Gen. Stat. Ann. § 90-21.150, et seq., and N.C. Gen. Stat. Ann. § 143C-6-5.6;

    ii. The factual bases for Plaintiffs' claims and Defendants' and Intervenors' denials and defenses to those claims; and

    iii. Discovery on any other relevant matters within the scope of Rule 26 of the Federal Rules of Civil Procedure.

c. The time to make the disclosures required by Federal Rule of Civil Procedure 26(a) shall be 21 days after the scheduling order is entered.

d. The Parties agree that the appropriate case management track for this case (with any stipulated modification by the Parties as set out below) pursuant to LR 26.1(a) a modified Complex track.

e. The date for the completion of all discovery (general and expert) is August 30, 2024.

f. Stipulated modifications to the case management track include:

    i. Written discovery limits and deposition limits will be applied per party group with Plaintiffs collectively constituting one party

3

group, the Medical Board Defendants collectively constituting a second party group, the Medicaid Defendants collectively constituting a third party group, and the Intervenors constituting a fourth party group.

  ii. Interrogatories (including subparts) and requests for admission are limited to 25 in total number by any party group to any other party group.

 iii. Depositions are limited to a total of four depositions per party group exclusive of depositions of any named party or any expert designated under rule 26(a)(2).  For the avoidance of doubt, the deposition of any named party or any disclosed expert will not count against any party group's limit of four depositions.  With one exception, no witness will be deposed more than seven hours,[1] unless a witness is deposed both in their individual capacity and is designated as a witness pursuant to rule 30(b)(6).  Time used during the three preliminary injunction-stage depositions conducted by Intervenors and Defendants shall count towards these time limits.  No expert will be deposed twice regarding the same expert report or written testimony unless the expert offers different opinions for different party groups.  The Parties

---

[1] The exception is that the Parties have agreed that Intervenors can seek an eighth hour of deposition time from Dr. Smith if needed.

4

agree to meet and confer about any proposed modifications to these numbers if necessary. The Parties further shall have a duty to confer with each other in an attempt to resolve scheduling conflicts prior to scheduling depositions.

    iv. All expert depositions must be completed by August 30, 2024, though a party may depose an affirmative expert before rebuttal expert reports are due, so long as such deposition occurs between June 17, 2024, and July 15, 2024. No expert may be deposed longer than seven hours total, even if a party decides to depose an expert both prior to submission of rebuttal reports and after the submission of a rebuttal report. To avoid inefficient expenditure of party resources, no expert may be deposed in person more than once, except that should Dr. Adkins offer an affirmative or rebuttal report, Dr. Adkins may be deposed in person a second time.

g. All Parties consent to email service of discovery requests and responses, including a deposition subpoena for any expert designated by a Party.

h. Reports required by Rule 26(a)(2)(B) and disclosures required by Rule 26(a)(2)(C) are due during the discovery period:

    i. Affirmative expert reports are due by June 3, 2024.

    ii. Rebuttal expert reports are due by July 22, 2024.

3. Supplementations will be as provided in Rule 26(e) or as otherwise ordered by the Court.

4. Mediation. Having considered the nature of Plaintiffs' claims and Defendants' and Intervenors' denials and defenses, the Parties, at this time, do not believe that a mediated settlement conference would resolve the Parties' differences. This case implicates legal issues about the validity of North Carolina's law, and the most likely resolution of those issues lies through judicial decree rather than voluntary settlement. Pursuant to Local Rule 16.4(c), the Parties, therefore, jointly request exemption from mediated settlement conference, to the extent it is currently required pursuant to Local Rule 16.4. The Parties agree to meet and confer about a need for mediation should the Parties determine that a mediation might be helpful.

5. Preliminary Deposition Schedule. Primarily, the Parties agree to the following schedule for depositions:

    a. Depositions of fact witnesses will occur before the close of discovery.

    b. Expert depositions will occur between June 17, 2024, and July 15, 2024, and between July 23, 2024, and August 30, 2024.

    c. The Parties will update this schedule at reasonable intervals.

6. Other Items.

    a. Plaintiffs should be allowed until March 15, 2024, to request leave to join additional parties or amend pleadings. Defendants and Intervenors should be allowed until April 10, 2024, to request leave to join additional parties or amend

pleadings. After these dates, the Court will consider, inter alia, whether the granting of leave would delay trial.

      b.      The Parties have discussed special procedures for managing this case, including reference of the case to a Magistrate Judge on consent of the Parties under 28 U.S.C. § 636(c), or appointment of a master: At this point, the Parties do not consent to trial before a Magistrate Judge.

      c.      The case should be ready for trial 60 days after the Court rules on any dispositive motions. Trial is expected to take approximately eight days.

      d.      A jury trial has not been demanded.

      e.      The parties shall preserve electronically stored information ("ESI") consistent with Fed. R. Civ. P. 26, 34, and 37. Absent a request for a specific method of production, the producing party may produce ESI in any reasonable manner.

      f.      The parties agree to meet and confer regarding a potential joint motion to enter a HIPAA Qualified Protective Order. Each party reserves the right to seek relief from the Court if the parties are unable to reach agreement.

      g.      Privileged Information: In accordance with Rule 26(f)(3)(D), the Parties have discussed certain issues related to claims of privilege. The Parties agree that an inadvertent production of privileged or trial-preparation materials (absent a clear written statement of intent to waive such privilege or protection) shall not be deemed a waiver or forfeiture of such privilege or protection provided that the Party making the production or disclosure promptly identifies any such document(s)

mistakenly produced after discovery of the inadvertent production. The Parties further agree that, upon request, any such mistakenly produced documents shall be returned. In the event of a dispute over the production of any privileged materials develops, a log shall be made specifically identifying all said information. In the event that the use or further disclosure of any privileged materials develops during this action, the receiving Party must sequester all copies of said information and may not use or disseminate the information contained therein until such time as the dispute over the claim of privilege is resolved by the Court.

  h. Confidential Information and Local Rule 5.5 Report for the Filing of Sealed Documents: The Parties have discussed the issues of confidentiality raised in this case and the potential need for filing documents under seal. That discussion included the nature of any confidential documents that may be involved in the case, the possibility of using stipulations to avoid the need to file certain documents, and the possibility of agreed-upon redactions of immaterial confidential information in filings to avoid the need for filing documents under seal. To help manage confidential and sensitive information, the Parties have executed a Stipulated Confidentiality Agreement and Protective Order, and Plaintiffs sought and received pseudonym protection for the family plaintiffs participating in the case. The parties also certify that few, if any, documents will be filed under seal. The parties agree to use the default procedures of LR 5.4(c). In addition, if the party filing the motion to seal is not the party claiming confidentiality, the filing party must meet and confer

with the party claiming confidentiality as soon as practicable, but at least two (2) days before filing the documents, to discuss narrowing the claim of confidentiality. The motion to seal must certify that the required conference has occurred, and the party claiming confidentiality must file supporting materials required by LR 5.4(c)(3) within 14 days of the motion to seal.

    i.    The alleged basis of federal subject matter jurisdiction is federal question.

* * *

9

Case 1:23-cv-00864-LCB-LPA   Document 67   Filed 01/22/24   Page 9 of 12

Respectfully submitted,

/s/ Amy E. Richardson
Amy E. Richardson (N.C. Bar 28768)
Lauren E. Snyder (N.C. Bar 54150)
HWG LLP
333 Fayetteville Street, Suite 1500
Raleigh, NC 27601
Telephone: (919) 429-7386
Facsimile: (202) 730-1301
arichardson@hwglaw.com
lsnyder@hwglaw.com

Deepika H. Ravi*
HWG LLP
919 M Street N.W., 8th Floor,
Washington, D.C. 20036
Telephone: (202) 730-1300
Facsimile: (202) 730-1301
dravi@hwglaw.com

Dmitriy Tishyevich*
MCDERMOTT WILL & EMERY
One Vanderbilt Avenue
New York, NY 10017-3852
Phone: (212) 547-5534
Facsimile: (646) 417-7668
dtishyevich@mwe.com

Anna Fosberg*
MCDERMOTT WILL & EMERY
The Brandywine Bldg.
1000 N West Street, Suite 1400
Wilmington, DE 19801
Phone: (302) 485-3936
Facsimile: (302) 351-8711
afosberg@mwe.com

† Not admitted in Georgia, admitted in Connecticut and New York only. Mailing address only.

Dated: January 22, 2024

Tara L. Borelli*
Kenneshea Allums*†
LAMBDA LEGAL DEFENSE AND
 EDUCATION FUND, INC.
1 West Court Square, Ste. 105
Decatur, GA 30030
Telephone: (404) 897-1880
Facsimile: (404) 897-1884
tborelli@lambdalegal.org
kallums@lambdalegal.org

Omar Gonzalez-Pagan*
Sruti J. Swaminathan*
LAMBDA LEGAL DEFENSE AND
 EDUCATION FUND, INC.
120 Wall Street, 19th Floor
New York, NY 10005
Telephone: (212) 809-8585
Facsimile: (212) 658-9721
ogonzalez-pagan@lambdalegal.org
sswaminathan@lambdalegal.org

Abigail Coursolle*
NATIONAL HEALTH LAW PROGRAM
3701 Wilshire Boulevard, Suite 315
Los Angeles, CA 90010
Telephone: (310) 736-1652
coursolle@healthlaw.org

Catherine McKee*
NATIONAL HEALTH LAW PROGRAM
1512 E. Franklin Street, Suite 110
Chapel Hill, NC 27514
Telephone: (984) 278-7666
mckee@healthlaw.org

* Appearing by notice of special appearance pursuant to L.R. 83.1(d).

*Counsel for Plaintiffs*

| | |
|---|---|
| JOSHUA H. STEIN<br>ATTORNEY GENERAL | JOSHUA H. STEIN<br>ATTORNEY GENERAL |
| /s/ Michael Bulleri<br>Michael Bulleri<br>Special Deputy Attorney General<br>N.C. State Bar No. 35196<br>E-mail: mbulleri@ncdoj.gov | /s/ Colleen M. Crowley<br>Colleen M. Crowley<br>Special Deputy Attorney General<br>N.C. Bar No. 25375<br>Email: CCrowley@ncdoj.gov |
| N.C. Dept. of Justice<br>P.O. Box 629<br>Raleigh, NC 27602-0629<br>Telephone: (919) 716-6900<br>Facsimile: (919) 716-6761 | N.C. Dept. of Justice<br>P.O. Box 629<br>Raleigh, NC 27602<br>Phone: 919-716-6400 |
| *Counsel for Defendant Medical Board* | *Attorney for DHHS and Sec. Kody H. Kinsley, M.P.P. in his official capacity* |
| /s/ Craig D. Schauer<br>Craig D. Schauer (State Bar No. 41571)<br>DOWLING PLLC<br>3801 Lake Boone Tr., Suite 260<br>Raleigh, NC 27607<br>(919) 529-3351 1523<br>cschauer@dowlingfirm.com | David H. Thompson<br>Peter A. Patterson<br>Brian W. Barnes<br>Nicole Jo Moss<br>Clark L. Hildabrand<br>COOPER AND KIRK, PLLC<br>New Hampshire Avenue, NW<br>Washington, D.C. 20036<br>(202) 220-9600<br>dthompson@cooperkirk.com |
| *Local Civil Rule 83.1 Counsel for Intervenor-Defendants* | *Counsel for Intervenor-Defendants* |

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system which will send notification of such filing to all registered users.

Dated: January 22, 2024

/s/ Amy E. Richardson
Amy E. Richardson (N.C. Bar 28768)
HWG LLP
333 Fayetteville Street, Suite 1500
Raleigh, NC 27601
Telephone: (919) 429-7386
Facsimile: (202) 730-1301
arichardson@hwglaw.com