UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| VICTOR VOE, by and through his parents and next friends, Vanessa Voe and Vance Voe; *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> THOMAS MANSFIELD, in his official capacity as Chief Executive Officer of the North Carolina Medical Board; *et al.*, <br><br> *Defendants*, <br><br> and <br><br> PHILIP E. BERGER, in his official capacity as President Pro Tempore of the North Carolina Senate, and TIMOTHY K. MOORE, in his official capacity as Speaker of the North Carolina House of Representatives, <br><br> *Intervenor-Defendants*. | CASE NO. 1:23-cv-864 <br><br><br> **INTERVENOR-DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR ENTRY OF HIPAA QUALIFIED PROTECTIVE ORDER** |

Plaintiffs misunderstand the meaning and purpose of the Proposed HIPAA Qualified Protective Order. The proposed order protects PHI and assures that no *HIPAA-based objection* will serve as an obstacle to fully disclosing relevant evidence. Plaintiffs claim that the Proposed HIPAA Qualified Protective Order will *itself* compel the production of evidence, but that is wrong. *See* Pls.' Memo. in Opposition to Intervenor-Defs.' Mot. for HIPAA Qual. Prot. Order, Doc. 92 at 3–4 (Apr. 30, 2024). The proposed order does not foreclose non-HIPAA objections to discovery or assertions of privilege.

As Intervenors explained in their opening memorandum, "[t]he proposed HIPAA

1

Qualified Protective Order repeatedly preserves the ability to resist a discovery request on grounds such as overbreadth and relevance." Intervenor-Defs.' Memo. in Support of Mot. for Entry of HIPAA Qual. Prot. Order, Doc. 83 at 10 (Apr. 16, 2024). This is apparent from the text of the order, which repeatedly makes clear that its terms are subject to other *non-HIPAA* objections or privileges:

- "The parties are hereby authorized through discovery to receive, subpoena, and transmit PHI, *to the extent that such information is otherwise discoverable and not objectionable*, subject to all conditions outlined herein." Proposed HIPAA Qual. Prot. Order, Doc. 82-1 at 3 (Apr. 16, 2024) (emphasis added).

- Requiring disclosure of PHI in response to subpoena "to which no objection has been timely filed." *Id*. at 4.

- Requiring response to interrogatories, requests for production and requests for copies with PHI "without waiver of any right to prepayment of costs or any other appropriate objection or privilege that may be timely asserted[.]" *Id*.

- Requiring deponents to disclose PHI "without waiver of any right to the prepayment of costs or any other appropriate objection or privilege that may be timely asserted[.]" *Id*. at 5.

The proposed HIPAA Qualified Protective Order does not foreclose discovery objections in response to any subpoena, interrogatory, request for production, or deposition notice. It only ensures that PHI that is otherwise discoverable will be properly protected under HIPAA.

For the same reasons, Plaintiffs are wrong in asserting that the proposed order "seek[s] irrelevant and highly sensitive PHI" from non-parties. Doc. 92 at 9. The proposed HIPAA Qualified Protective Order does not "seek" information at all. It will only apply when Intervenors seek the production of discoverable information that contains PHI, and even then, it will apply only once any objections to the production of the information are

2

adjudicated. In other words, if the Court enters the proposed HIPAA Qualified Protective Order, a non-party will still be able to seek to quash a subpoena or to object to the production of specific information. If those efforts are unsuccessful and the non-party is required to produce evidence containing PHI, then the proposed HIPAA Qualified Protective Order will protect that PHI in accordance with HIPAA.

Although Plaintiffs' interpretation of the proposed HIPAA Qualified Protective Order as compelling the production of information is incorrect, their objections appear to rest on the "authorized and ordered" language contained in the proposed order. Dkt. 92 at 4. Intervenors do not oppose changing this language to remove "and ordered" where it appears, if doing so would clarify the proposed order's meaning.

Entering a HIPAA Qualified Protective Order is preferable to dealing with piecemeal HIPAA litigation every time a document containing PHI is to be produced in this case. That is why courts have entered similar orders in circumstances like these. Doc. 83-1, 83-2, 83-3. Intervenors respectfully request that the Court grant their motion and enter the proposed HIPAA Qualified Protective Order. Doc. 82 & 82-1.

.

Dated: May 7, 2024

/s/ Craig D. Schauer
Craig D. Schauer (State Bar No. 41571)
DOWLING PLLC
3801 Lake Boone Tr., Suite 260
Raleigh, NC 27607
(919) 529-3351
cschauer@dowlingfirm.com

Respectfully submitted,

David H. Thompson
Peter A. Patterson
Brian W. Barnes
Nicole J. Moss
Clark L. Hildabrand
COOPER AND KIRK, PLLC
1523 New Hampshire Avenue, NW
Washington, D.C. 20036
(202) 220-9600

3

dthompson@cooperkirk.com

*Local Civil Rule 83.1 Counsel*  *Counsel for Intervenor-Defendants*
*for Intervenor-Defendants*

**CERTIFICATE OF PAGE COUNT**

Pursuant to Local Rule 7.3(d)(1), undersigned counsel hereby certifies that the foregoing Reply, including body, headings, and footnotes, contains 588 words as measured by Microsoft Word.

<u>/s/ Craig D. Schauer</u>
Craig D. Schauer
*Counsel for Intervenors*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that, on May 7, 2024, I electronically filed the foregoing Supplemental Response with the Clerk of the Court using the CM/ECF system which will send notification of such to all counsel of record in this matter.

/s/ Craig D. Schauer
Craig D. Schauer
*Counsel for Intervenors*