UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| VICTOR VOE, by and through his parents and next friends, Vanessa Voe and Vance Voe; *et al.*,<br><br>    *Plaintiffs,*<br><br>v.<br><br>THOMAS MANSFIELD, in his official capacity as Chief Executive Officer of the North Carolina Medical Board; *et al.*,<br><br>    *Defendants,*<br><br>and<br><br>PHILIP E. BERGER, in his official capacity as President Pro Tempore of the North Carolina Senate, and TIMOTHY K. MOORE, in his official capacity as Speaker of the North Carolina House of Representatives,<br><br>    *Intervenor-Defendants.* | CASE NO. 1:23-cv-864-LCB-LPA<br><br>**PLAINTIFFS' MEMORANDUM IN RESPONSE TO DECEMBER 20, 2024 TEXT ORDER** |

Pursuant to the Court's text order of December 20, 2024, Plaintiffs Victor Voe, *et al.* ("Plaintiffs") respectfully submit the following memorandum addressing whether Plaintiffs' motion for a protective order at Docket 122 is moot. Discovery has closed and summary judgment briefing is complete. Based on Plaintiffs' understanding that there are no (i) pending deposition questions for Dr. Smith or (ii) pending motions to compel deposition testimony, Plaintiffs' motion likely is moot.[1] And although there is no good

---

[1] Should the Court disagree and find that there is a current, live dispute regarding Dr. Smith's deposition testimony, Plaintiffs request that the Court rule upon their motion.

1

cause to reopen Dr. Smith's deposition, Plaintiffs reserve the right to renew their request for a protective order should Intervenor-Defendants ("Intervenors") successfully make the required showing for further deposition testimony.

## ARGUMENT

Discovery closed in this case on August 30, 2024, in accordance with the deadline set in the parties' Joint Rule 26(f) Report. Dkt. 67. As discovery progressed, the Court extended select discovery deadlines. *See, e.g.*, Text Order, July 17, 2024 (extending deadlines for expert rebuttal reports and depositions). At this point, all discovery deadlines have expired, and discovery is complete. *See, e.g.*, Text Order, September 9, 2024 (allowing Rule 30(b)(6) deposition to be taken out of time while reminding the parties that "[t]his allowance does not alter any other scheduling order deadline").

In accordance with the extended deadline to complete depositions, Dr. Smith was deposed on September 13, 2024. Pursuant to the HIPAA Qualified Protective Order in this case, Dkt. 105 ¶ 2(d), Intervenors served notice of their intent to elicit protected health information from Dr. Smith on more than 30 different topics at his deposition. Dkt. 123-1. Plaintiffs followed the protocol in the HIPAA protective order, Dkt. 105 ¶ 2(d), and moved for relief from Dr. Smith having to reveal identifying health information of his minor patients. Dkt. 122.

During his September 13 deposition, Dr. Smith testified at length about his minor patients' treatment, taking care to avoid disclosure of identifying information. At no point did Intervenors move to compel Dr. Smith to provide any identifying information for the

patients about whom he testified. Indeed, in their negotiations with UNC Health, Intervenors had already agreed before the deposition to accept information about Dr. Smith's patients from UNC *without* any identifying patient information. *See* Dkt. 128-1 ("Agreement Between UNC Health and Intervenors Regarding the Production of Patient Medical Records," confirming Intervenors' agreement to accept 16 different kinds of redactions of protected health information in any medical records produced by UNC Health).

Because Dr. Smith's deposition concluded without any further demand from Intervenors and discovery is now complete, there is no currently pending deposition question to which their protective order request would apply. Should Intervenors wish to seek further deposition testimony from Dr. Smith, they would need to demonstrate good cause to reopen discovery pursuant to Federal Rule of Civil Procedure 16(b)(4). The deposition protocol, Dkt. 105, would further require them to provide Plaintiffs with 28 days' notice of any specific protected health information they would intend to seek, and allow seven days to meet and confer regarding any areas of disagreement to see if the parties could narrow or eliminate any disagreements about the relevant topics. This would allow the parties to tee up a live, ripe motion based on clearly-identified areas of disagreement that could be analyzed by the Court. Should the Court disagree, however, that this existing protocol should be followed for any future deposition testimony (which

again, Plaintiffs believe is unwarranted and unnecessary), Plaintiffs request that the Court grant their motion for protective order.[2]

\* \* \*

---

[2] Plaintiffs disagree with at least one of the representations in Intervenors' brief. *Compare* Dkt. 192 at 4 *with* Dkt. 130 at 9 (responding to Intervenors' claim that Dr. Smith purportedly violated his UNC's confidentiality agreement). Should the Court consider on the merits Intervenors' claims at page 4 of their brief, Plaintiffs request an opportunity to respond.

4

Dated: December 27, 2024

Respectfully submitted,

/s/ Amy E. Richardson
Amy E. Richardson (N.C. Bar 28768)
HWG LLP
333 Fayetteville Street, Suite 1500
Raleigh, NC 27601
Telephone: (919) 429-7386
Facsimile: (202) 730-1301
arichardson@hwglaw.com

Deepika H. Ravi*
HWG LLP
1919 M Street N.W., 8th Floor,
Washington, D.C. 20036
Telephone: (202) 730-1300
Facsimile: (202) 730-1301
dravi@hwglaw.com

Dmitriy Tishyevich*
MCDERMOTT WILL & EMERY
One Vanderbilt Avenue
New York, NY 10017-3852
Phone: (212) 547-5534
Facsimile: (646) 417-7668
dtishyevich@mwe.com

Anna Fosberg*
MCDERMOTT WILL & EMERY
The Brandywine Bldg.
1000 N West Street, Suite 1400
Wilmington, DE 19801
Phone: (302) 485-3936
Facsimile: (302) 351-8711
afosberg@mwe.com

/s/ Tara L. Borelli
Tara L. Borelli*
LAMBDA LEGAL DEFENSE AND
    EDUCATION FUND, INC.
1 West Court Square, Ste. 105
Decatur, GA 30030
Telephone: (404) 897-1880
Facsimile: (404) 897-1884
tborelli@lambdalegal.org

Omar Gonzalez-Pagan*
LAMBDA LEGAL DEFENSE AND
    EDUCATION FUND, INC.
120 Wall Street, 19th Floor
New York, NY 10005
Telephone: (212) 809-8585
Facsimile: (212) 658-9721
ogonzalez-pagan@lambdalegal.org

Abigail Coursolle*
NATIONAL HEALTH LAW PROGRAM
3701 Wilshire Boulevard, Suite 315
Los Angeles, CA 90010
Telephone: (310) 736-1652
coursolle@healthlaw.org

Catherine McKee*
NATIONAL HEALTH LAW PROGRAM
1512 E. Franklin Street, Suite 110
Chapel Hill, NC 27514
Telephone: (984) 278-7666
mckee@healthlaw.org

* Appearing by notice of special appearance pursuant to L.R. 83.1(d).

*Counsel for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

Undersigned counsel certifies that the present filing is in compliance with the Court's December 20, 2024 text order because it does not exceed five pages in length.

Dated: December 27, 2024

/s/ Tara L. Borelli
Tara L. Borelli*
LAMBDA LEGAL DEFENSE AND
   EDUCATION FUND, INC.
1 West Court Square, Ste. 105
Decatur, GA 30030
Telephone: (404) 897-1880
Facsimile: (404) 897-1884
tborelli@lambdalegal.org

* Appearing by notice of special appearance pursuant to L.R. 83.1(d).

# CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, and have verified that such filing was sent electronically using the CM/ECF system to all parties who have appeared with an email address of record.

Dated: December 27, 2024

/s/ Tara L. Borelli
Tara L. Borelli*
LAMBDA LEGAL DEFENSE AND
   EDUCATION FUND, INC.
1 West Court Square, Ste. 105
Decatur, GA 30030
Telephone: (404) 897-1880
Facsimile: (404) 897-1884
tborelli@lambdalegal.org

* Appearing by notice of special appearance pursuant to L.R. 83.1(d).